# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PACIFIC OIL AND GAS, L.L.C., ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | NO. CIV-17-0447-HE |
| | ) | |
| CHESAPEAKE ENERGY CORPORATION, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant Tom Ward has moved to consolidate this case with Case No. CIV-16-209-HE. Defendants Chesapeake Energy Corporation and Chesapeake Exploration L.L.C. support the motion. Plaintiffs oppose the motion.

Case No. CIV-16-209-HE, now captioned as *In re Anadarko Basin Oil & Gas Lease Antitrust Litigation*, is the case resulting from the consolidation of twelve putative class actions filed during 2016 in this court. All of those cases involve claims that Chesapeake, SandRidge Energy, Ward, and several John Doe defendants conspired, in violation of the Sherman Act, to suppress the prices they paid to acquire leasehold interests and producing properties in the multi-state area known as the Anadarko Basin. That litigation was stayed for a period while SandRidge was in bankruptcy. SandRidge eventually reached a settlement as to the claims of the various plaintiffs against it. With those claims resolved, this case was reopened and moved forward on the claims of the various plaintiffs against the remaining defendants. Interim co-counsel for the plaintiffs' groups were appointed.

While the consolidated *Anadarko Basin* case was stayed due to the SandRidge bankruptcy, this case was filed in the U. S. District Court for the District of Kansas. It was later transferred to this court. Plaintiffs assert essentially the same antitrust claims against defendants here as are involved in the consolidated case. The claims are asserted on behalf of the members of or successors to a Louisiana limited liability company which allegedly owned approximately 28,000 mineral acres in Harper, Sumner, and Kingman counties in Kansas.

Fed.R.Civ.P. 42(a) authorizes a court to consolidate cases where they involve common questions of law or fact. District courts are given broad discretion in determining whether consolidation is proper, although courts should avoid consolidation where confusion or prejudice may result. *See* St. Paul Fire & Marine Ins. Co. v. King, 45 F.R.D. 519, 520 (W.D. Okla. 1968). Applying those standards here, the court concludes consolidation is appropriate.

It is undisputed that the claims and legal issues involved in this case and the previously consolidated case are substantially the same. They involve the same legal theories and arise from a common pattern of alleged facts. It also appears undisputed that the plaintiff group in this case is within one or more of the classes proposed in the consolidated case. Permitting these two cases to go forward on parallel but separate tracks obviously involves a substantial risk of duplication of effort and of inconsistent results should they proceed to trial before separate juries. The case for consolidation is compelling.

Plaintiffs do not dispute the commonality of claims/theories or the potential for duplication and the like. However, they object on the basis that they will lose their choice of preferred counsel as the case goes forward and urge instead that the cases be consolidated only for the purposes of discovery.

The court concludes plaintiffs' concerns, while not insubstantial, do not outweigh the significant factors supporting consolidation. As indicated, there is no material difference in the claims. There is no reason to assume the claims of these particular plaintiffs involve issues or questions not otherwise present in the other putative class action. There is considerable benefit to the parties and the court in having this litigation proceed in a single, consolidated case. Moreover, depending on how the case proceeds, any concerns with attorney selection or control may be revisited in various ways. The present interim co-counsel in the previously consolidated case are just that—interim. If a class is certified, a further determination will be necessary as to the counsel representing plaintiffs from that point forward. Also, if a class is certified and the plaintiffs in this case are in it, some or all of the plaintiffs may opt out and pursue their claims via their own counsel. That would not necessarily avoid the consolidation of the claims for trial, but would allow the opt-out plaintiffs to be represented by their own counsel.

These cases involve common questions of law and fact, and plaintiffs concerns do not raise a sufficient danger of confusion or prejudice that would outweigh the benefits of consolidation. The court therefore concludes consolidation is warranted.

Defendant Ward's motion to consolidate [Doc. #59] is **GRANTED**. This case is **CONSOLIDATED** with Case No. CIV-16-209-HE and shall proceed under that

consolidated case number.  Plaintiffs may continue to be represented by their own counsel, but discovery requests and other management of the litigation shall proceed, as to plaintiffs, through the designated interim class counsel.

**IT IS SO ORDERED.**

Dated this 22nd day of June, 2017

JOE HEATON
CHIEF U.S. DISTRICT JUDGE